IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LECONIE WILLIAMS, IV | * | |
| Petitioner, | * | |
| | * | Crim. No.   PJM 09-0443 |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Leconie Williams, IV has filed a Motion for Reconsideration of Sentence (Paper No. 180), which the Government opposed. For the reasons that follow, the Motion will be **DENIED**.

### I.

Williams was charged in a two-count indictment with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). In an August 2011 trial, the jury was unable to reach a verdict for the first charge and found Williams not guilty of the second. On January 5, 2012, following a second trial, the jury found Williams guilty of being a felon in possession of a handgun and, on May 18, 2012, the Court sentenced him to 120 months imprisonment followed by three years of supervised release. On January 23, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and the judgment took effect on February 27, 2014.

### II.

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 819, 819 (2010). Section

3582(c) does provide, however, exceptions to this rule. A court, "upon motion of the Director of the Bureau of Prisons, may reduce a term of imprisonment" after considering the factors provided by 18 U.S.C. § 3553(a) along with other circumstances, such as the age of the defendant and his time in custody, or other "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1). Additionally, the "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Finally, the court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Government correctly argues that none of these exceptions are available here. The Director of the Bureau of Prisons did not petition for relief, which precludes application of the first exception. Rule 35 of the Federal Rules of Criminal Procedure allows for sentence modification to correct a clear error within 14 days of sentencing, or upon motion of the government to reflect the defendant's substantial assistance in prosecuting another person, but neither occurred here. Finally, the Sentencing Guidelines have not been lowered for 18 U.S.C. § 922(g), preventing relief under the third exception.

Even construing Williams's petition as one for habeas relief, it would still fail. Under 28 U.S.C. § 2255, relief is available in three cases: (1) cases in which the sentence imposed was in violation of the Constitution or laws of the U.S.; (2) cases in which the Court was without jurisdiction to sentence; or (3) cases in which the sentence was longer than that authorized by law. 28 U.S.C. § 2255. Williams does not assert any of these grounds, nor does the Court find any to be present.

Finally, as the Government notes, a petition for relief under 28 U.S.C. § 2241 would not be cognizable in any event. A challenge to the Bureau of Prison's execution of a sentence should be brought in the district of confinement—in this case, the Northern District of West Virginia. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

Although Williams deserves commendation for any good work he may have done while in prison, there are no legal grounds upon which to reconsider and reduce his sentence. For the reasons stated, his Motion for Reconsideration of Sentence (Paper No. 180) is **DENIED**.

A separate order will issue.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE